Case number 20-1498, Prime One Insurance Company v. Grand Trumbull LLC, oral argument not to exceed 15 minutes per side, Mr. Meyer for the appellate. Thank you. May it please the court, Kurt Meyer on behalf of the appellant, Prime One Insurance Company. I'd like to reserve five minutes for rebuttal. That's great. Thank you. Please proceed. Thank you very much. This appeal does not involve coverage as the appellee has been leading the court to believe, but liability for an admittedly covered loss to property insured under a replacement cost insurance policy. It does not involve coverage because as I stated, the loss was covered and it was paid. It does not involve a statute, MCL 528-33 in particular, for the simple reason that except to the extent that that statute allows insurance companies to include conditions lawfully which restrict or suspend insurance. Both the Michigan courts and the federal courts have recognized that under Michigan law, coinsurance conditions is one of those valid and permitted restrictions on insurance. It also does not involve anything regarding so-called baseline actual cash value coverage. While the fire insurance statute says that fire insurance must at a minimum provide coverage for the actual cash value of covered property, the contract in this case provides much greater coverage than the actual cash value. It actually, assuming that the insured complies with policy conditions, provides for coverage to the extent of the replacement cost without depreciation. So it covers both. It covers replacement costs. Why wouldn't it cover both? In other words, why wouldn't the insured have the option of choosing whether it prefers ACV, which is less coverage, but you get reimbursed less money, or replacement cost value, which is a greater reimbursement, but there might be other requirements you have to satisfy to get that full reimbursement. Okay. To answer that question, Your Honor, we would look at the policy in whole. The policy states that it is valued on a replacement cost basis. When that policy is purchased and physical loss or damage occurs to the property, those are the terms of the contract that govern. The insured has an election, a right, under the replacement cost coverage to receive settlement on an ACV basis, but my client, the insurer, still remains liable under that provision for replacement cost coverage benefits. So therefore, the replacement cost policy inherently already covers the actual cash value of the property, and in this case, there's no dispute that that amount of loss was paid. Question isn't that. The question is whether or not the coinsurance condition applies to reduce the carrier's liability. I understand that, but you're enforcing the coinsurance provision on the replacement cost aspect of the policy when that's not what the insured just wanted to recover under. And so it just seems, I mean, I sort of viewed the ACV as like a baseline. I'm not taking the statutory term, but just as like a standard and replacement cost is an upgrade. And I totally get the argument that if the insured wants to pursue under the upgrade under the replacement costs, that they have to meet that coinsurance requirement. But if they're not proceeding under the replacement costs and are seeking less money, which is, you know, less money of your pocket under the ACV policy, and that's their choice, just seems, I mean, maybe contractually it's right, but it seems a little odd to enforce the premium that's required, the coinsurance that's required for the premium level replacement cost insurance, and that's not how the insured wants to proceed on this specific claim. Your Honor, I understand what you're saying, but what you're really saying is, is that you want to rewrite the contract and rebalance the equities out of fairness, as opposed to what the contract actually says, and what Michigan law says regarding the construction of contracts, including policies of insurance. In this case, the insured has a replacement cost policy. When that's shown on the declarations, the policy clearly states, without exception or any alternative, that coinsurance, the value of covered property at the time of loss, is a premium to provide replacement cost coverage. When the insured elects, under that coverage, which is the coverage that applies, to take an ACV settlement, my client is still potentially liable. It is as liable for replacement cost as the insured. Potentially and potential, and if they pursued liability under the replacement cost, then you can invoke the coinsurance provision. Well, Your Honor, in all honesty, any insurance policy, the liability is potential. For example, the insured could have, if I may, the insured could have a valid claim, and they could lose all of those rights for failing to file a sworn statement and proof of loss within 60 days of the carrier's request. The application of conditions and coverage, and the measurement and coverage, are distinctly different issues. So we are talking about liability predicated upon the application of policy terms and conditions. Mr. Meyer, let me see if I could ask you to look at it this way, under, we'll go back to the actual language of the policy. Let's assume that it is a replacement cost insurance policy, and what we're trying to figure out, if I understand it right, is what value means in the valuation portion of the contract. Am I right about that? Well, if that's the question you have and you want me to address, then let me answer it. I'm asking you, does this case turn on what the meaning is of value in the valuation section? I believe the case turns upon the meaning of the valuation clause as modified by the replacement cost coverage when the replacement cost is shown in the declaration. So yes. I think you're saying the same thing. So your argument is that because it's a replacement cost policy, there is a provision in the policy that I don't think anybody disputes what it says, and that is that the word value in the valuation section becomes replacement cost if you have a replacement cost policy. Am I right so far? May I qualify? The answer to your question, Judge, is yes, however, value can't be viewed in isolation. Value modifies covered property. We're going step by step. I didn't ask you what your argument was. I asked you, am I right that your argument is that value is defined as replacement cost if you have a replacement cost policy? Yes. Okay. Now that seems pretty straightforward. It seems to me if you stop right there, you win. But is it also correct that under the policy, you can submit an actual cost claim? And in fact, that's what you would normally do at the beginning because you can't get replacement cost unless you replace or repair. The claim that the insured can submit under the replacement cost coverage can be based on an actual cash value basis. Okay. So stop right there. So under what really happens under the policy, even though value for one purpose means replacement cost, if you submit an AVC claim, value is actual cost value, right? The insurer's liability based upon the claim submitted would be based on actual cash value. So in other words, even though the one paragraph in the policy says value means replacement cost, the way the policy actually operates, value can still mean something else. Even though it's been redefined as replacement cost, it can still mean something else. So you can't submit an AVC if you submit an AVC claim, right? No. Not when the replacement cost is shown in the declarations. So okay. So if you submit an AVC claim, then what you get is replacement cost? No. What you get is the ACV because it is... So value, if you submit an AVC claim, at that point in the process is AVC. So my dilemma here is that even when I follow your argument, it seems like the policy says value means replacement cost, but for other purposes, it means something else. So once the same word can mean two different things, depending on what type of a claim you file, then it seems to me the policy then becomes ambiguous and the insured wins. So I just want to give you the opportunity to have the benefit of that thinking, whether it's right or wrong, and then be able to tell me why that's wrong. I believe that it's wrong, Your Honor, because the replacement cost coverage applies, that when that applies, the value of covered property is set forth as replacement cost without deduction for depreciation, and that when the insured elects to take an ACV settlement, the actual valuation is set forth within there and they still retain the right to receive a replacement cost benefit claim if they perform those conditions. And if that is the case, my client remains liable for that, even though they have made an initial request for payment on an ACV basis. So why don't we use AVC value and apply the co-insurance requirement to that at the point when it's an AVC claim, and if it then ripens into a replacement cost claim, you then revisit the question of whether there was proper co-insurance to support your subsequent replacement cost claim. Because respectfully, that's not what the contract says, Your Honor. Contract says that replacement cost replaces ACV when replacement cost coverage is purchased and shown in the declarations. Okay. And I think I'm out of time. Your Honor, can I ask just one question on how this practically works? If under the replacement cost policy, the insured has to sometimes make up a difference, I guess, make up a gap in terms of the ultimate replacement cost and what you're paying to actually replace the building, and if they can't do that and they can't, if they don't have that money, they can't actually replace the building, so you're, in that instance, they just get the ACV value. In other words, replacement cost, sometimes you can't avail yourself of replacement cost because you as the insured can't actually afford to make up whatever gap there is to rebuild the building. And so you would say the policy in that context works, you get the ACV, but you still have to pay, you get the deduction for the lack of co-insurance on the replacement cost. Yes, Your Honor. The policy states that when replacement cost is shown on the declaration, that replacement cost is the valuation of covered property used for determining co-insurance when read as a whole, and therefore it applies to all claims, and, for example, Royal Properties supports that type of analysis because the policy provided ACV coverage and required RCV coverage as co-insurance, so they don't have to be synonymous or identical, and it applies to all policies, and I believe that the Howard Industry case that I cited is directly on point. While the language is different, it's the same. Replacement cost is used to determine the value of covered property at the time of loss, and in this case, just like Howard, the insured is the one who underinsured the property in violation of that. And I believe that the policy as enforced would result in the application of co-insurance to the situation you're describing. Okay. We have your five minutes rebuttal, but we'll hear from Mr. Fulkerson first. Thank you. Don't unmute, please. I have to unmute myself. Good morning. May it please the Court. Don Fulkerson, appearing on behalf of the Appley Grand Trumbull LLC. Let me just start by, if the Court has any questions before I begin, I think that the Court has an understanding of the case quite well. Does the Court have any concerns or questions? I wanted to raise a few points here, but... Well, your friend on the other side has an argument based on a strict reading of the case. Strict textualist type of argument. Well, those are sometimes accepted by court, so I wouldn't just reject it out of hand. That on the declarations page, it says RC, and so RC governs the entire policy, and that's what you signed up for, knowingly, and you didn't co-insure the property lease at the RC value, and so there's some repercussions, ramifications for you in terms of the kind of recovery you can get. So maybe you can just start there. Well, the difficulty with this argument is that it disregards the language of the policy, actually, and it also disregards the fact that under Michigan law, actual cash value, recovery on an actual cash value basis is mandatory. Recovery on a replacement cost basis is optional, and the policy itself redundantly says that replacement cost recovery is optional. It says it in the preamble of paragraph G, and it says it in paragraph G3C. It says, even if you wish to proceed on a replacement cost basis, you may still recover on an actual cash value basis, and then it goes on to say that it reiterates that recovery of optional replacement coverage, it uses the word optional coverage, it requires two conditions. One, you have to notify the company within 180 days after the loss that you intend to proceed on a replacement cost basis, and two, you have to actually, as Judge McKee says, you have to actually repair or replace. And so if you accept Mr. Meyer's argument, what you're saying is even though paragraph E7A says we value the loss based on the actual cash value of the covered property at the loss, you have to, he is saying even though the policy unambiguously says that, and unambiguously says we have two parallel types of coverage or concurrent types of coverage that are optional, and it is the policyholder's election whether to proceed on an actual cash value basis or a replacement cost basis. And the policy says that you recover under an actual cash value basis unless the requirements for a replacement cost recovery are triggered. How can that create an argument supporting his position? If you accept Prime 1's argument, your honors, you're saying that even though the policy unambiguously states that in an actual cash value plane, value is determined on an actual cash value basis. He's saying no, no, no, even if you proceed on an actual cash value basis, value is determined on a replacement cost basis. And as the court in Buddy Bean Lumber correctly states, that argument vitiates actual cash value recovery, and it would subject the client, here we have a commercial property-owning policyholder in the city of Detroit that purchased this policy believing and understanding based on the language of the policy, I have two options. I can recover on an actual cash value basis, or I can repair and replace and receive a replacement cost recovery. He's saying no, in every case, you have to value the loss under a replacement cost basis. You're eliminating half the coverage if you do that, half of the basis of recovery. Go ahead, Judge. Thank you, thank you. It's hard, I know, with the Zoom. Yeah, we're in Zoom. Medium. I'm not sure if this is in the record, but did your client pay more for the policy to have the replacement cost in addition to the ACV? It is not in the record, but it is customary that the purchase of additional, remember the policy says additional optional replacement cost coverage. It is a higher premium, yes, but it is customarily a higher premium if you get the additional replacement cost coverage as an optional coverage. That's what I would have thought, but your friend on the other side can address that too. Right. Let me also just clear up- Mr. Fulkerson. Go ahead, Your Honor. Even though I might agree with largely what you've just said, you seem to be saying that the policy can't be drafted to say that the coinsurance requirement applies to AVC. Is that what you meant to say? No. No, Your Honor. Forgive me if I misstated. So they could draft the policy that way? Yes. And of course, Mr. Meyer is saying they did. You're saying they could have, but they didn't. Correct. In Melson and in Royal Property- In other words, the coinsurance requirement, even under your interpretation, applies regardless of whether it's an AVC claim or a replacement cost claim. It just changes the amount that you use to multiply the coinsurance requirement by. Correct. Right. In Melson and in the Royal Property case, there were coinsurance clauses that specified under any claim, we calculate the coinsurance penalty on a replacement cost basis. Now, I don't think that's right, but that's what the courts have said, and we're not here to argue with that. As a matter of fact, Prime 1 is characterizing our argument as an attempt to invalidate coinsurance provisions. Judge McKee, we are not making that argument. We are conceding that coinsurance clauses are valid, and we are conceding, at least for the purposes of this case, like Melson and Royal Property, if Prime 1 had intended to apply the coinsurance percentage on a replacement cost basis, whatever type of claim was raised, they were free to do that, but they did not do that here. I would point out that in- They say that they did. They say that by putting a paragraph in the policy that says, in the valuation section, the word value means replacement cost value. If this is a replacement cost policy, they say they've accomplished that. That's their argument. So- But first of all- Let's just cut to the chase then, and you tell us why that argument is not correct. That argument is not correct because the same section of the policy, Section G, says twice that replacement cost coverage and recovery is additional and optional. It is not mandatory. It is not the only coverage under the policy, and it is not- But they selected the option. They exercised the option. They didn't exercise the option. I mean, your client exercised the option. You bought a replacement cost policy. My client bought a policy that provided mandatory actual cash value coverage under Michigan law and under the policy and additional optional replacement cost coverage. The replacement cost coverage is only optional. Come on. Come on. This is just semantics. No, it's not. You can't say that it's not a replacement cost policy because that was only optional. It is a replacement cost policy. You can simply submit only an ABC claim if you decide not to repair or replace. It doesn't mean you didn't buy replacement cost coverage. You bought replacement cost- It just means you didn't exercise it. But Your Honor, if you take the point you're making that Grand Trouble purchased a policy that had optional additional replacement cost coverage, that is true. That does not mean that their only basis of valuating the loss is replacement cost, even if you're only seeking to recover under an actual cash value basis. In order to accept Mr. Meyer's argument, first of all, you're disregarding the fact that the coinsurance provision does not modify or limit the word value. It is a vague term. It just says value. Secondly, you're ignoring the fact that the replacement cost portion of the policy makes it clear that the policyholder retains two options. They can elect to recover under an actual cash value basis or under a replacement cost basis. And if you accept Mr. Meyer's argument, he's saying that since they purchased the additional replacement cost coverage, even in an actual cash value claim, you value the loss on a replacement cost basis, not just the coinsurance penalty, but everything, which means, as the court said in Buddy Bean Lumber, you're vitiating actual cash value coverage, which is mandated under the law. Go ahead, Judge. So, just as a practical matter, what doesn't make total sense to me on that is if you buy a policy, and we'll use your language that has a replacement cost option, it's clear under the policy that if you choose to exercise the replacement cost option, that you had to have adequate coinsurance based upon the replacement cost. No question about that, right? There's no question about that. So, why would somebody purchase a policy and pay the extra money to have that option, if you're correct, and that's how to refer to call it, but then not maintain the prerequisite coinsurance amount to be able to then utilize that option if you chose down the road? Why would anybody do that? Well, there could be a number of reasons. First of all, just give me one that makes sense. Someone could have just made an improper math calculation. They could have gotten incorrect advice about the adequacy of their coverage. They could have made a decision that, remember, we're not here where a replacement cost claim has been made. We're here only in a claim that proceeded on an actual cash value basis. And by the way, Grand Trouble didn't pay the whole claim. They only paid part of it, and they withheld part of it. Mr. Barr keeps saying, we paid the claim. They only paid a portion of the claim. Companies pay portions of claims all the time. That's something that doesn't make sense. Your Honor, it's undisputed that if the coinsurance provision is calculated on an actual cash value basis, there's no reduction. There's no penalty. That is in the stipulated facts in the trial court. You're sort of beyond the question. You were going to give me an example of why somebody would do that. And your example was, well, maybe they made a mistake. I'm just curious. Is there an E&O claim against the agent in connection with this case at all? No, an E&O claim does not accrue, Your Honor, until there's been a determination of whether or not there's been an inadequate or improper recovery. There also could have been a decision by the client. I'm going to answer your question in a second. The first is there could have been just a mistake or a misassessment of the amount of coverage. A lot of people take out insurance, and then their property accrues, and they don't update it. There could have been a calculation that... That leads me to my second question. I happen to have a replacement cost policy on a home. And granted, residential may be different than commercial, but I get contacted by the if they believe that the amount of coverage that I have purchased is inadequate based on what they determined to be the replacement cost. I'm just curious. Was there any communication from the company? There's nothing in the record, Your Honor. This was never discussed. This was never part of the discovery. And by the way, under Michigan law, under the Hart's case, an insurance agent has no  of coverage. It is up to the client entirely to make a determination about what to buy and how much coverage. The other answer to your question, though, is it could be a situation where Grand Trumbull made a determination that they believed in reading the policy that if we make an actual cash value claim, there's no coinsurance penalty, and so we're covered. And we're not here on a replacement cost claim. So Your Honor, you're proceeding under perhaps an inaccurate assumption that there was either a mistake or some sort of miscalculation by the policyholder. Remember, if we proceed, if you value the coinsurance clause on an actual cash value basis, there's no penalty. So there was not under insurance under an actual cash value calculation. Can you help me with the math here a little bit, just so I understand this, and then maybe your friend on the other side will want to address it as well. But I think the dispute here under the ACV coverage is between like 400,000-ish and 700,000-ish with the penalty. And so you're either going to get 400,000 or 700,000. Correct, Your Honor. The parties stipulate that the actual cash value damage to the building was $723,000. Right. But if you had submitted a replacement cost claim, wasn't this going to cost the insurance company maybe $1.3 million? Right. But remember, in the summary of the case in the joint discovery plan, the parties stipulated that both the replacement cost value of the property and the replacement cost coinsurance penalty are under dispute and would be submitted to appraisal if there had been a replacement cost claim. Right. So I guess what I'm getting to, and maybe we can just leave it now to your friend on the other side's time, is that the company seems to want to, I understand they want to penalize you either way, but they're essentially pushing you to seek replacement costs, just to rebuild the building, of course, which is going to cost the company a lot more money out of pocket. I understand it. And we just want to say, I know my time's up, but also for reasons stated, at a minimum, this is ambiguous. I mean, and, okay, and all of the case law is on our side. Thank you. Well, both sides will say that, and you got better, Mr. Folkston, but obviously just please pay attention when the lawyer or the judges are trying to talk to, just listen to their questions and let them talk, because those are important to you. So thank you for your time. And we'll go back over then to Mr. Meyer. And unmute yourself. I apologize. Let me address the actual cash value and replacement cost value. Replacement cost necessarily includes actual cash value. For purposes of this case, replacement cost, I'm sorry, actual cash value is replacement cost minus depreciation. So any coverage under the replacement cost policy inherently includes coverage for ACV. Coverage is not in controversy here. There was a fire loss. It's a covered peril. It caused direct physical loss to the property, and it's not excluded. That ends the coverage analysis. The issue is what effect does violation of policy conditions have on the insurer's liability? We agree, and the loss was adjusted based upon the actual cash value that Mr. Folkston advised the court. Then we applied the condition. It's that condition. We understand how it works, I think. So am I right, though, that if Grand Trouble had proceeded under the replacement cost that you guys are on the hook for up to $1.3 million? Yes, yes, that is correct. This is an odd system where you would arguably be encouraging them to pursue then the replacement cost because you want to assess this penalty for ACV, but it's going to cost you a lot more money at the end of the day to pay replacement cost. First of all, we are just trying to enforce the contract as written. In this context, you are, but it's odd incentives that are being created by the way you want us to enforce the contract. Again, it's not a matter of incentive, Judge. It's a matter of enforcing the contract as written. And there is no need to define actual cash value when you have replacement cost coverage and the valuation clause replaces actual cash value with replacement cost. The reason being that actual cash value is not defined in the policy. And so when you have replacement cost coverage, that definition replaces the actual cash value as a methodology of measurement under the valuation. I understand that, but another reading would be that they get the ACV and that they want to go for the higher amount, which you typically probably wouldn't want to normally pay more, but if they want to go for that amount, then you apply the penalty and they get less than they would have had if they proceed under that mechanism. If I may, the replacement cost election defines the measurement of their recovery, actual cash value. There is no need to amend or revise the valuation condition because replacement cost is the value and you can elect actual cash value and that is self-defined within the election under the replacement cost coverage. There is no base actual cash value coverage. And if the insured makes a mistake, they suffer the consequences. It's not a penalty, for example, if they don't take out enough insurance and they can't recover their full ACV. It's not an excuse. Let the insured know that when they upgrade, I mean, I view the RSC as kind of an upgrade. You're imposing a pretty significant penalty associated with that upgrade. If you want that upgrade, you have to pay for it in full for the higher value. And if you later on submit a claim for the lower value, there's a pretty significant penalty you're imposing for what I assume is a higher level of coverage. I just wanted to ask before the time runs out, I guess it's not on the record, but did the insured pay more money to have the replacement cost policy? It's not in the record and I honestly can't address it, but I do want to address this before I run out of time, please. If this policy form can be issued on an actual cash value basis without replacement costs, in which case, all insurance is determined on actual cash value, replacement cost minus depreciation. And if the insured does not insure that property to the percentage required, it will suffer what you're labeling a penalty. But here they did for the ACV, right? Just not for the replacement cost. No, they bought replacement cost coverage here. They did have enough coinsurance for ACV here. Coinsurance applies whether it's an ACV or an RCV policy, but this is an RCV policy and therefore the conditions and the terms and that provision of the policy govern. And there is no exception and no exclusion or modification of subsection A, which replaces actual cash value with replacement cost is the value of covered property at the time of loss. Value hanging in its own and unmodified, as Mr. Fulkerson wants to argue, is not the appropriate value, is not the appropriate interpretation. Value modifies covered property at time of loss. And when they select replacement cost coverage, it's clear. They have to insure the property to 90% of its replacement cost value or they violate the coinsurance. I took a lot of your time. Do any of the other judges have any questions? No, thanks. Okay. Well, thanks to both of you. Very interesting case and a lot for us to think about. So appreciate your arguments and the case will be submitted. Thank you very much. I think we can adjourn court. This honorable court is now adjourned.